The Sport Shop, Inc., Plaintiff and Appellee, *v.* Blanton Winship, of Puerto Rico, et al., Defendants and Appellants.

No. 7559. Argued June 15, 1938.—Decided June 24, 1938.

*B. Fernández García, Attorney General,* and *F. García Quiñones, Special Prosecuting Attorney,* for appellants. *C. Ruiz Nazario, G. Benítez Gautier,* and *Jorge Benítez Gautier,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

On motion of the proper party the Attorney General of Puerto Rico gave an opinion construing Act No. 14, approved on July 8, 1936, (Special Session Laws, p. 128) to the effect that no firearms could be sold to persons without a license issued in accordance with the provisions of Act No. 14, approved June 25, 1924, (Special Session Laws, p. 114). Pursuant to said opinion, Hon. Blanton Winship, Governor of Puerto Rico, intends to enforce the Act of July 8, 1936, *supra,* by prosecuting any retailer of arms who sells the same to persons without the license in question.

The plaintiff, a corporation lawfully engaged in various activities including the sale of firearms at retail, felt aggrieved by the construction put upon said act by the Attorney General and petitioned the District Court of San Juan for a declaratory judgment to remove any uncertainty as to the correct interpretation of the law. The action was brought against the Hon. Blanton Winship, Governor of Puerto Rico, and Hon. Benigno Fernández García, Attorney General. There was no dispute as to the facts set forth in the complaint. The issue was, therefore, confined to a determination of the question whether a retailer of firearms legally licensed was authorized to sell only to persons holding a license to carry the same, or whether, on the contrary, the only restriction imposed on him is that prescribed in sections 2, 3, 4 and 5 of Act No. 14 of July 8, 1936, which regulate the procedure to be followed in selling firearms.

The controversy was thus submitted to the lower court which, on May 4, 1937, rendered a judgment upholding—

" . . . . the interpretation placed by the petitioner upon the said acts in the sense that in retailing and delivering firearms in the

territory of Puerto Rico it is only bound to require from prospective purchasers of such arms that they comply with the requirements and provisions of sections 2 and 3, and subdivisions 3 and 4 of section 5 of said Act No. 14 of July 8, 1936, the petitioner not being legally bound or entitled to require proof from said purchasers that they are duly licensed to carry such arms.

"It is likewise declared by the court that the rights of the petitioner, as the holder of the said license for retailing firearms in the territory of Puerto Rico, under said Act No. 14 of July 8, 1936, are those arising from the express provisions of said Act, as construed herein, and no other."

Thereupon the defendants took the present appeal, and has assigned two errors, thus:

"The District Court erred in holding that in retailing and delivering firearms in the territory of Puerto Rico The Sport Shop, Inc., is only bound to require from prospective purchasers compl'ance by them with the provisions of sections 2 and 3, and subdivisions 3 and 4 of section 5 of said Act No. 14, approved July 8, 1936, and that said petitioner is not legally bound or entitled to require proof from said purchasers that they are duly licensed to carry such arms.

"In holding that the rights of The Sport Shop, Inc., as the holder of a license to retail firearms in the territory of Puerto Rico, under said Act No. 14 of July 8, 1936, are those arising from the express provisions of said act, as construed herein, and no other."

Section 2 of the Act last above-mentioned reads as follows:

"Section 2.—No one may deliver a firearm to any person under e'ghteen years of age, or to any person who has been convicted of a felony, or who is addicted to the use of drugs, or is an habitual drunkard or of unsound mind, if the person delivering the firearm has reasonable cause to believe, or knows, that the person who is to receive said firearm is included in this prohibition."

No other section of Act No. 14 of 1936 contains any restriction regarding the persons to whom firearms may be sold. The defendants, however, insist that section 12 of the Act last above-cited supports their position, and base this contention on the fact that section 12, *supra,* prescribes that

the provisions of Act No. 14, approved July 8, 1936, in no way alter or limit the provisions of Act No. 14 approved June 25, 1924, relative to the carrying of arms. Evidently the defendants have failed to take into account the exception established by said section 12 when referring to the Act approved June 25, 1924, to the effect that anything regarding the regulation of the sale of firearms contained in the Act of 1924 was repealed by the said Act of July 8, 1936. For a better understanding of the matter, we will transcribe the said section 12, thus:

"Section 12.—The provisions of this Act in no way alter or limit the provisions of Act No. 14, approved June 25, 1924, entitled 'An Act to amend an Act entitled "An Act to prohibit the carrying of arms" ', as now in force, *except in so far as it refers to the regulation of the sale of firearms;* and the penalties established in this Act shall be imposed in addition to those fixed for violations of said Act No. 14, of June 25, 1924. All laws or parts of laws in conflict herewith are hereby repealed." (Italics ours.)

Although the act of 1924 and that of 1936 are laws *in pari materia,* their respective purposes differ. Whereas the former regulates the carrying of weapons generally, and prescribes the procedure for the granting of licenses to carry firearms, the latter fixes the proper rules for the sale of firearms and provides for their registration. The two statutes flow along different channels, the only point of contact between the Act of 1924 and that of 1936 having been eliminated, that is, that part of the former bearing upon the regulation of the sale of firearms, which subject is amply regulated by the Act of 1936.

The defendants should not be disturbed by the possible unlawful use of a firearm by a purchaser thereof who is not the holder of a license to carry the same. As aptly said by the plaintiff, the Government is not disturbed either when arming policemen for the proper performance of their duties. The right of a citizen to keep a weapon in his home for the

protection of himself and of his family is as fair and valid as that of the holder of a license issued by a court of law. More than once license holders have misused their weapons; yet that would be no reason for prohibiting the issuance of such licenses. The wrongful act of one or more citizens should not serve to deprive a whole community of the benefits of a law.

Nor should it be an obstacle, either, that the purchaser of a firearm would be carrying the same without license when transporting it from the establishment of the retailer to his home. The intention is an essential element of the offense of carrying a prohibited weapon and no law is violated by the purchaser of a firearm while taking the same from the retailer's shop to his own home or to any estate belonging to him in order to keep it there.

As there is no law definitely requiring that the purchaser of a firearm should be the holder of a license to carry the same, it is perfectly lawful for every licensed retailer of fire-arms to sell the latter, with any other restriction than that set forth in section 2 of the last cited Act, which specifies the person who can not purchase them, and in sections 3 and 5 (subdivisions 3 and 4), which prescribe the procedure for the sale thereof.

The lower court did not commit any of the errors assigned by the appellants. Its judgment is in accord with the law and should therefore be affirmed.

Mr. Chief Justice del Toro concurs in the result.